In the United States Bankruptcy Court
For the Southern District of Mississippi

*In re*: Cassandra S. Myles            Chapter 13 Case No. 16-00189

Cassandra S. Myles
           Plaintiff            Adv. Proc. #_____

vs.

Tower Loan of Mississippi, LLC
d/b/a Tower Loan of Pearl
           Defendant.

## Complaint

1.

Tower Loan of Mississippi, LLC d/b/a Tower Loan of Pearl ("Tower Loan") is attempting to collect a discharged debt from a previous bankruptcy of Cassandra S. Myles.

2.

Cassandra S. Myles seeks monetary and declaratory relief for the attempts to collect the debt based on 11 U.S.C. Sections 524 and 362.

3.

Due to the actions of Tower Loan, this action is filed to enforce the relevant portions of the Bankruptcy Code and the Discharge Order in Cassandra S. Myles' previous case.

## Jurisdiction

4.

Jurisdiction in this Court is proper pursuant to 28 U.S.C. Section 1334 because this action arises from rights given in Title 11 of the United States Code in conjunction with the current Chapter 13 proceeding for Cassandra S. Myles.

5.

This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. Sections 157 and 1334.

6.

Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

**Parties**

7.

Plaintiff Cassandra S. Myles is a debtor in Chapter 13 Case No. 16-00189 presently pending before this Court.

8.

Defendant Tower Loan of Mississippi, LLC ("Tower Loan") is a limited liability company with no listed principal office address, but on information and belief, operates principally through the address at 406 Liberty Park Court, Flowood, MS 39232. According to the Mississippi Secretary of State, Tower Loan may be served through its Registered Agent, John E. Tucker, 406 Liberty Park Court, Flowood, MS 39232.

**Facts**

9.

On September 3, 2013, Cassandra S. Myles filed for Chapter 7 Bankruptcy protection, identified as Case No. 13-02677, and the debts in that case were discharged via Order on March 18, 2014 (the "2013 Bankruptcy").

10.

Attached Exhibit 1 to this complaint is Schedule D from the 2013 Bankruptcy, which

shows Tower Loan as a creditor with a claim for $4,243.68.

11.

Attached Exhibit 2 to this complaint is the Order of Discharge for the 2013 Bankruptcy. Tower Loan's claim, included in Schedule D of the 2013 Bankruptcy, was discharged via this order.

12.

Attached Exhibit 3 shows that on March 20, 2014, Notice of the Order of Discharge was sent to Tower Loan via First Class Mail.

13.

On January 25, 2016, Plaintiff Cassandra S. Myles filed a voluntary Chapter 13 bankruptcy petition and related schedules, identified as Case No. 16-00189.

14.

On February 17, 2016, Tower Loan Proof of Claim No. 3 in the instant case, claiming $5,151.29 owed and attaching a "Disclosure Statement" stating the amount financed was $4,243.68 and the last payment due was February 12, 2012.

15.

The effect of the discharge in the 2013 Bankruptcy was to discharge the personal liability of Cassandra S. Myles for the debt to Tower Loan.

16.

The 2013 Bankruptcy was a no-asset bankruptcy and the debtor's underlying debt to Tower Loan was discharged.

//

17.

Despite Claim No. 3's debt being discharged in the 2013 Bankruptcy, Tower Loan filed Claim No. 3 in this case seeking to collect the debt balance.

18.

Tower Loan violated Section 524(a) of the Bankruptcy Code.

19.

By attempting to collect the previously discharged debt in Claim No. 3, Tower Loan also violated Section 362 of the Bankruptcy Code.

20.

Plaintiff alleges that at all material times herein, Defendant's conduct constitutes a violation of the Title 11 U.S.C. Sections 524 discharge injunction.

21.

Plaintiff also alleges that Defendant's conduct violated 11 U.S.C. Section 362.

22.

Plaintiff further alleges that Defendant's conduct has caused Plaintiff to spend unnecessary time, expense, and effort in order to enforce basic rights under the aforementioned statutory provisions.

23.

On information and belief, Plaintiff alleges that Defendant possessed actual knowledge of the 2013 Bankruptcy and related discharge, yet willfully attempted to collect this previously discharged debt.

//

24.

Plaintiff believes and therefore alleges that as a result of these allegations, she is entitled to the recovery of actual damages, including emotional distress, punitive damages, statutory damages, as well as legal fees and expenses.

### First Claim for Relief - Violation of the Discharge Injunction

25.

The allegations and facts contained in the preceding paragraphs are re-alleged and incorporated herein.

26.

Plaintiff Cassandra S. Myles alleges that the conduct of Tower Loan in this case has substantially frustrated the discharge order previously entered and has caused her unwarranted and unnecessary time, effort and expense seeking to enforce basic rights guaranteed by the Bankruptcy Code.

27.

Plaintiff alleges that to carry out this provision of the Code this Court must impose actual damages, punitive damages and legal fees against Tower Loan pursuant to the provisions of the Code and the cases interpreting the same.

28.

Plaintiff alleges that in order to protect similarly situated debtors who have received a discharge under Chapter 7, this Court must impose sanctions against the Defendant for their misconduct in this case.

//

## Second Claim for Relief - Violation of the Automatic Stay

29.

The allegations and facts contained in the preceding paragraphs are re-alleged and incorporated herein.

30.

Plaintiff Cassandra S. Myles alleges that the conduct of Tower Loan in this case has substantially frustrated the protections provided her by the automatic stay and has caused her unwarranted and unnecessary time, effort and expense in seeking to enforce the basic rights guaranteed by the Bankruptcy Code in her current Chapter 13 case.

31.

Plaintiff alleges that to carry out this provision of the Code this Court must impose actual damages, punitive damages and legal fees against Tower Loan pursuant to the provisions of the Code and the cases interpreting the applicable provisions of the same.

32.

Plaintiff further alleges that in order to protect debtors who rely and depend on the protections afforded by the automatic stay under Chapter 13, this Court must impose sanctions against the Defendant for the misconduct in this case.

35.

Plaintiff believes punitive damages are required in this case because this is not the first attempt by Tower Loan to collect previously discharged debt.

WHEREFORE, Plaintiff Cassandra S. Myles prays for relief against Defendant Tower Loan

including but not limited to:

A. Actual damages and recovery of the same against Tower Loan a sum to be determined by the Court;

B. Punitive damages and recovery of the same against Tower Loan a sum to be determined by the Court;

C. Costs of this litigation including attorney's fees and costs; and

D. Other and further relief as the Court may deem just and proper.

Respectfully submitted, this 22 day of March, 2016.

/s/ Richard R. Grindstaff
Richard R. Grindstaff
Attorney at Law
P.O. Box 720517
Byram, MS 39272-0517
601-346-6443

B6D (Official Form 6D) (12/07)

In re **Cassandra Sharneka Myles**                                    Case No. _____
                          Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>Midland Mortgage Co.<br>P.O. Box 268806<br>Oklahoma City, OK 73126 | | | deed of trust on homestead<br><br>Residence at:<br>128 Carl Circle<br>Byram, MS 39272<br><br>Value $ 135,000.00 | | | | 125,000.00 | 0.00 |
| Account No.<br><br>Republic Finance<br>5750 I-55 South<br>Byram, MS 39272 | | | lien on personal property<br><br>Personal property<br><br>Value $ 300.00 | | | | 2,877.99 | 2,577.99 |
| Account No.<br><br>Tower Loan Of Pearl<br>P.O. Box 5711<br>Pearl, MS 39288-5711 | | | lien on personal property<br><br>Personal property<br><br>Value $ 300.00 | | | | 4,243.68 | 3,943.68 |
| Account No.<br><br> | | | <br><br>Value $ | | | | | |
| **0** continuation sheets attached | | | | | | Subtotal<br>(Total of this page) | 132,121.67 | 6,521.67 |
| | | | | | | Total<br>(Report on Summary of Schedules) | 132,121.67 | 6,521.67 |

*Exhibit 1*
*Page 1 of 1*

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                Best Case Bankruptcy

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Southern District of Mississippi

Case No. <u>13−02677−ee</u>

**Chapter 7**

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
CASSANDRA SHARNEKA MYLES
128 Carl Circle
Byram, MS 39272

Social Security / Individual Taxpayer ID No.:
xxx−xx−0634

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 3/18/14

/s/Edward Ellington
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

*Exhibit 2*

*Page 1 of 2*

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. [In a case involving community property: There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

Exhibit 2

United States Bankruptcy Court
Southern District of Mississippi

In re:
CASSANDRA SHARNEKA MYLES
    Debtor

Case No. 13-02677-ee
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0538-3     User: llowery     Page 1 of 2     Date Rcvd: Mar 18, 2014
                             Form ID: b18      Total Noticed: 37

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 20, 2014.

```
db            +CASSANDRA SHARNEKA MYLES,    128 Carl Circle,    Byram, MS 39272-4507
3664775       +A Dollar Cash Advance,    7402 S. Siwell Road, Suite 120,    Byram, MS 39272-9386
3664776        AACE,    6745 Siwell Road #107,    Byram, MS 39272-8740
3664777       +All American Check Cashing,    6745 S. Siwell Road,    Byram, MS 39272-8747
3664779       +Audit Systems Incorpor,    3696 Ulmerton Road,    Suite 200,    Clearwater, FL 33762-4237
3664780        Baptist Health Systems,    P.O. Box 23090,    Jackson, MS 39225-3090
3664782       +Cash Depot,    136 S. Pearson Road,    Suite G,    Pearl, MS 39208-5633
3664781       +Cash Depot,    136 S. Pearson Road,    Pearl, MS 39208-5633
3664783       +Central Surgical Assoc,    1190 N. State St. #502,    Jackson, MS 39202-2414
3664784        Citifnancial Incl,    P.O. Box 469100,    Escondido, CA 92046-9100
3664786       +E-Z Cash,    137 E. McDowell Road,    Jackson, MS 39204-5719
3664787       +Emergency Medicine Ass,    1225 N. State St.,    Jackson, MS 39202-2064
3664792        Healthcare Financial,    911 Flynt Drive,    Flowood, MS 39232-9572
3664793        LCA,    P.O. Box 2240,    Burlington, NC 27216-2240
3664797       +MS Asthma & Allergy Cl,    1513 Lakeland Dr,    Suite 101,    Jackson, MS 39216-4829
3664794        Members Exchange Federal Credit Union,    P.O. Box 31049,    Jackson, MS 39286-1049
3664796       +Midland Mortgage Co.,    P.O. Box 268806,    Oklahoma City, OK 73126-8806
3694719       +PLS LOAN STORE,    322 HWY. 80 EAST,    CLINTON, MS 39056-4726
3664799       +Republic Finance,    5750 I-55 South,    Byram, MS 39272-9404
3699061       +Republic Finance Bankruptcy Center,    7535 Airways Blvd Ste 210,    Southaven, Ms 38671-5809
3664800        River Oaks Hospital,    P.O. box 281466,    Atlanta, GA 30384-1466
3664805       ++TOWER LOAN,    P O BOX 320001,    FLOWOOD MS 39232-0001
              (address filed with court: Tower Loan Of Pearl,    P.O. Box 5711,    Pearl, MS 39288-5711)
3664804       +Thrifty Check Advance,    2536 Hwy. 80 East,    Pearl, MS 39208-3327
3664806       +Trustmark,    P.O. Box 1928,    Brandon, MS 39043-1928
3664807       +VIP Loan,    4551 W. 107th Street,    Overland Park, KS 66207-4037
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
tr            +EDI: QDAHENDERSON.COM Mar 18 2014 20:03:00    Derek A Henderson T1,    1765-A Lelia Drive,
              Suite 103,    Jackson, MS 39216-4820
3664778        EDI: APPLIEDBANK.COM Mar 18 2014 20:03:00    Applied Card Bank,    P.O. Box 17123,
              Wilmington, DE 19850-7123
3664785        EDI: RCSFNBMARIN.COM Mar 18 2014 20:03:00    Credit One Bank,    P.O. Box 98872,
              Las Vegas, NV 89193-8872
3664788       +E-mail/Text: bknotice@erccollections.com Mar 18 2014 20:00:47    Enhanced Recovery Co.,
              8014 Bayberry Road,    Jacksonville, FL 32256-7412
3664789        E-mail/Text: data_processing@fin-rec.com Mar 18 2014 20:00:36
              Financial Recovery Services, Inc.,    P.O. Box 385908,    Minneapolis, MN 55438-5908
3664790       +EDI: AMINFOFP.COM Mar 18 2014 20:03:00    First Premier,    3820 N. Louise Ave.,
              Sioux Falls, SD 57107-0145
3664795        EDI: MERRICKBANK.COM Mar 18 2014 20:03:00    Merrick Bank,    P.O. Box 9201,
              Old Bethpage, NY 11804-9001
3694719       +EDI: CBSPLS.COM Mar 18 2014 20:03:00    PLS LOAN STORE,    322 HWY. 80 EAST,
              CLINTON, MS 39056-4726
3664798       +EDI: AMSOUTH.COM Mar 18 2014 20:03:00    Regions,    1900 5th Ave. N.,
              Birmingham, AL 35203-2610
3664801        EDI: SALMAESERVICING.COM Mar 18 2014 20:03:00    Sallie Mae,    1002 Arthur Drive,
              Lynn Haven, FL 32444-1683
3664802        E-mail/Text: susan@sra-inc.net Mar 18 2014 20:00:38    Smith, Rouchon & Assoc,    1456 Ellis Ave.,
              Jackson, MS 39204-2204
3664803        EDI: WTRRNBANK.COM Mar 18 2014 20:03:00    Target National Bank,    P.O. Box 59317,
              Minneapolis, MN 55459-0317
3664808       +EDI: WFFC.COM Mar 18 2014 20:03:00    Wells Fargo,    P.O. Box 28724,
              Kansas City, MO 64188-8724
                                                                                              TOTAL: 13

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
3664791       ##+Great American Check Cashing,    4305 Lakeland Drive,    Flowood, MS 39232-8947
                                                                                              TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

Exhibit 3
Page 1 of 4

```
District/off: 0538-3          User: llowery          Page 2 of 2              Date Rcvd: Mar 18, 2014
                              Form ID: b18           Total Noticed: 37

                    ***** BYPASSED RECIPIENTS (continued) *****
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 9):** Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Mar 20, 2014                                    Signature:  /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 18, 2014 at the address(es) listed below:
              Derek A Henderson T1    derek@derekhendersonlaw.com,
                dhenderson@ecf.epiqsystems.com;denise@derekhendersonlaw.com
              Richard R. Grindstaff   on behalf of Debtor CASSANDRA SHARNEKA MYLES grindstaf@yahoo.com,
                grindstaf@gmail.com
              United States Trustee    USTPRegion05.JA.ECF@usdoj.gov
                                                                                          TOTAL: 3
```

Exhibit 3
Page 2 of 4

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Southern District of Mississippi
Case No. 13−02677−ee
Chapter 7

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
  CASSANDRA SHARNEKA MYLES
  128 Carl Circle
  Byram, MS 39272

Social Security / Individual Taxpayer ID No.:
  xxx−xx−0634

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 3/18/14

/s/Edward Ellington
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Exhibit 3
Page 3 of 4

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

*Exhibit 4*
*Page 4 A 4*